Jose **GRANADOS NAVEDO, et al., Plaintiffs,**

v.

Hector Luis **ACEVEDO, et al., Defendants.**

**Civ. Nos. 88–2023 (JAF) to 88–2025(JAF).**

United States District Court, D. Puerto Rico.

July 27, 1989.

---

Daniel Dominguez, Dominguez & Totti, San Juan, P.R., for plaintiffs.

Ramirez & Ramirez, Saldaña Rey Moran & Alvarado, David Rive, Dept. of Justice, Com. of Puerto Rico, for defendants.

## ORDER

FUSTE, District Judge.

Last December, pursuant to the doctrine set forth in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), we abstained from exercising jurisdiction over this case pending a determination of novel questions of local law by the courts of the Commonwealth of Puerto Rico. *See Granados–Navedo v. Acevedo*, 703 F.Supp. 170 (D.P.R. 1988). The local action is still pending, and plaintiffs now move that we lift the order of abstention and resume jurisdiction. A hearing on this question was held on July 26, 1989.

Our reasons for abstaining are thoroughly set forth in the *Granados–Navedo* opinion cited above and need not be reviewed here. Those considerations apply with equal force today save for the ever increasing danger that plaintiffs' federal rights will be prejudiced by the passage of time. We disagree with the implications made by defendants' attorneys at the hearing that time is an unimportant factor in considering *Pullman* abstention. Rather, the Supreme Court has repeatedly warned that "valuable federal rights might be lost in the absence of expeditious adjudication in the federal court." *Harris County Commissioners v. Moore*, 420 U.S. 77, 83, 95 S.Ct. 870, 875, 43 L.Ed.2d 32r (1975). *See also Anderson v. Babb*, 632 F.2d 300 (4th Cir.1980) (delay to be caused by abstention is a factor to be weighed against abstention if important interests will be harmed by delay); *Lister v. Lucey*, 575 F.2d 1325, 1333 (7th Cir.), *cert. denied* 439 U.S. 865, 99 S.Ct. 190, 58 L.Ed.2d 175 (1978) (same). This is especially true in an election case where plaintiffs' rights become increasingly impaired with every day the allegedly usurpatory candidate remains in office. There is no question in the court's mind that there could come a day, notwithstanding the well-intentioned efforts of the local courts, when so much time has passed that plaintiffs' important constitutional rights will simply evaporate. *Pullman* does not require, and we do not intend, to let that occur.

At the hearing, the court attempted to elicit from counsel an estimate of when the local action may be expected to conclude. Although we are well aware of a certain degree of imprecision and unreliability in making any such estimate, the court is willing to accept as reasonable the good faith conjecture made by one of defendants' counsel, Lino Saldana, that the case in local court could be completed within three to five months, if not sooner.

Therefore, with this general time frame in mind, we conclude that plaintiffs' federal rights have not been so prejudiced as to tip the balance in favor of our intervention at this time. However, should this projection prove to be seriously inaccurate, we will not shy away from our obligation to resume jurisdiction in order to salvage plaintiffs' federal constitutional claims from utter irrelevancy. We advise the parties to bring the local court case to a rapid conclusion. Delay tactics on the part of either plaintiffs or the defendants will be weighed against the offending litigants accordingly.

We further abstain.

IT IS SO ORDERED.